Robert E. Jenkins, Assignee, etc.

v.

The International Bank et al.

Practice—Certificate of evidence not indispensable to assignment of error.—Error may be assigned upon issues of fact presented by the pleadings, although the record contains no certificate of evidence. So, where in a proceeding to foreclose a mortgage, the defendant set up in his answer the payment of usury, it is error, in ordering a reference to the master, to ignore all questions relating to the payment of usury, and direct that the master should not consider such questions, and error is predicable upon such direction, without a certificate of evidence.

Error to the Circuit Court of Cook county; the Hon. M. F. Tuley, Judge, presiding. Opinion filed November 11, 1881.

McAllister, J.   This case below was a proceeding in equity, upon original, cross-bills, answers and replications, all constituting but one record, whereby David Frey and the International Bank, as mortgagees, sought to foreclose a mortgage made by Samuel J. Walker, bringing in other parties defendants, supposed to have some subordinate interest. Walker, by answer and cross-bill, set up that the several loans by the International Bank to him, for which the security in question was given or held, were corrupt and usurious; in pursuance of which he had paid to the bank divers large sums of usurious interest, which he sought to have applied on any sums of principal and legal interest remaining otherwise unpaid.   The court below, July 6, 1877, entered a decretal order of reference to a master in chancery, " for the sole purpose of ascertaining the amount due upon each principal note, as the same may be

ascertained from the evidence heretofore adduced herein, except the said principal note number 30,820, bearing date April 4, 1874, being for the sum of eight thousand dollars; and he is hereby directed to compute such amount so due upon each principal note and each collateral note, with the exceptions hereinbefore stated."

Such decretal order contained the following: "The said master is further directed not to consider the question of usurious payments of interest upon any of said notes."

The master filed his report February 2, 1878, from which it does not appear that he had considered any question of usurious payments of interest upon any of the notes; and February 28, 1878, a final decree was entered, in which the court states that from such report it finds the equities against said Walker. The decree finds the amount due to said Frey; also, "that said Samuel J. Walker was indebted unto the said International Bank, on January 15th, A. D. 1878, the date of said master's report, in the sum of $172,474, which still remains due and unpaid, and said bank is entitled to whatever surplus may remain upon the foreclosure of said premises, after the satisfaction of said principal note of said David Frey, not exceeding the amount so found due upon said collateral note." The decree also dismissed Walker's cross-bill to redeem, for want of equity, and directed sale of mortgaged premises. Walker was afterwards adjudicated a bankrupt. Jenkins was appointed assignee, and sued out this writ of error.

The issues made upon Walker's answer and cross-bill, to the effect that the several loans in question made by said bank to him were corrupt and usurious, and that he had thereunder paid to the bank divers large sums as usurious interest, whilst such contracts were still subsisting; and the direction in the decretal order of reference, that the master should not consider the question of usurious payments of interest upon any of said notes, were identically the same as in the case of Jenkins v. Greenebaum et al. 95 Ill. 11, and the same v. International Bank et al. 97 Ill. 568, where that direction was held to be erroneous. The only distinctive feature between the case at bar and those, is that the cases in the Supreme Court respectively

contained a certificate of evidence, which tended to prove the corrupt and usurious agreement and payments of usurious interest thereunder, while the record in this case has no such certificate. Upon this ground, it has been urged by counsel for defendants in error, that error is not predicable upon that direction in this case. We are of opinion, however, that such certificate of evidence is not indispensable; because, under the issues made by the pleadings, the direction was *per se* erroneous; and we understand the Supreme Court to have so held, in its supplemental opinion, in the case of Jenkins v. International Bank, 97 Ill. 580. The court there say:

" What we decide is, that it was error in the circuit court to ignore all questions relating to the allegations of payments of usurious interest. Had the circuit court found that usurious payments had not been made, we might examine the proofs as to such finding. In the absence of such finding, the master should have been directed to ascertain and report the facts in that regard." So here, the court does not find that payments of usurious interest had not been made, but by the very terms of the direction seems to assume that such payments had been made. Although the case was referred to the master "for the sole purpose of ascertaining the amount due upon each of the principal notes," yet he was directed " not to consider the question of usurious payments of interest upon any of said notes;" the only matter set up by the mortgagor, by way of discharging or diminishing the amounts *prima facie* due upon such notes. Such payments, if made while the contracts were subsisting, were just as legitimate and proper to be considered as payments as if the mortgagor had set up in his answer ordinary payments of specific sums, as such, upon said notes without regard to any usury.

The direction shut the door against the mortgagor in advance; the master under it had neither the right or authority to hear or consider any evidence of such payments. Gordon v. Hobart, 2 Story R. 260; Remsen v. Remsen, 2 Johns. Ch. 501; Harris v. Fly, 7 Paige, 421; Torry v. Shaw, 3 Edw. Ch. 356; Stonington Savings Bank v. Davis, 2 McCarter (N. J.), 31. For Walker to have offered testimony to the master

would, therefore, have been idle and futile; and he was under no duty to do so in order to predicate error upon the direction itself. We have here, then, a case where a party who has appeared in a cause, and set up a defense in the proper mode, being debarred of a hearing, and the case directed to be conducted virtually *ex parte*. We think, therefore, that such decretal order of reference, thus debarring the mortgagor from a hearing, was violative of the first principle of even-handed justice, and was *per se* erroneous. For that reason the decree of the court below must be reversed and the cause remanded.

Reversed and remanded.